**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FREDERICK COLE,

Petitioner,

Case No. 25-12805
Hon. Jonathan J.C. Grey

v.

ERIC RARDIN,

Respondent.
_______________________________________/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION WITH PREJUDICE**

Frederick Cole filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Cole challenges a Bureau of Prisons (BOP) determination that he is ineligible to receive federal sentencing credits under the First Step Act (FSA). Respondent Eric Rardin has moved to dismiss the petition because Cole failed to exhaust his administrative remedies and, in the alternative, his claims are meritless. For the reasons set forth, the Court grants Rardin's motion to dismiss.

## I. INTRODUCTION

In 2011, Cole pleaded guilty in the United States District Court for the Western District of Tennessee to conspiring to traffic more than one hundred kilograms of marijuana in violation of 21 U.S.C. § 846. *United States v. Cole*, No. 11-cr-10080 (W.D. Tenn.) at ECF No. 6. The district court sentenced him to 240 months of imprisonment and four years supervised release. *Id.* at ECF No. 32. On December 12, 2012, the Sixth Circuit Court of Appeals dismissed Cole's appeal as untimely. *United States v. Cole*, No. 12-6392 (6th Cir. Dec. 12, 2012).

In 2019, while serving his sentence for the drug offense, Cole was charged with possessing a prohibited item (a cell phone) in prison in violation of 18 U.S.C. § 1791(a)(2). He pleaded guilty in the United States District Court for the Eastern District of Arkansas and was sentenced to one month in prison to run consecutively to his 240-month sentence. *United States v. Cole*, No. 20-cr-00018 at ECF No. 8.

In 2025, Cole filed the pending petition for a writ of habeas corpus challenging the BOP's determination that he is ineligible for credits under the FSA. (ECF No. 1.)

## II. LEGAL STANDARD

Federal courts are authorized to review habeas petitions to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"). If it is apparent that the petitioner is not entitled to relief, the court must summarily dismiss the habeas petition. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

## III. ANALYSIS

### A. Exhaustion

Rardin argues that the petition is subject to dismissal because Cole failed to exhaust his administrative remedies prior to initiating this habeas action. Federal inmates ordinarily must exhaust their administrative remedies before filing a petition for a writ of habeas corpus under § 2241. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). But § 2241's exhaustion requirement is "not without exception"

and is not "statutorily required." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236, 235 (6th Cir. 2006).

Cole's claims do not warrant habeas corpus relief, and it would be an unnecessary use of time and resources to require exhaustion of administrative remedies. The Court therefore will address the merits of the claims.

**B. Merits**

Cole challenges the BOP's determination that he is ineligible for credit toward his federal sentence under the FSA. (ECF No. 1.) Cole argues that he should be able to earn FSA credits toward his drug sentence because it is not a disqualifying conviction. The BOP found him statutorily ineligible to receive FSA credits because his aggregated sentence of 241 months includes imprisonment for a disqualifying offense. (ECF No. 5, PageID.45; ECF No. 1, PageID.10.)

Under the FSA, federal inmates who successfully participate in recidivism reduction programs are entitled to receive credit toward early release or pre-release custody. 18 U.S.C. §§ 3624(g), 3632(d)(4). Certain categories of inmates, however, are categorically ineligible to receive those credits based on their offense of conviction. 18 U.S.C. §

3632(d)(4)(D). Under the FSA, possession of a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2), is one such disqualifying offense. 18 U.S.C. § 3632(d)(4)(D)(xxix).

Federal law provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). "Although multiple terms of imprisonment are not aggregated in all contexts, aggregation is explicitly applicable in the administrative context of consolidating a prisoner's consecutive sentences." *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024). Additionally, the "the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, are administrative functions of the BOP subject to § 3584(c)." *Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) (quotation omitted); *Giovinco v. Pullen*, 118 F.4th 527, 529 (2d Cir. 2024) (affirming the BOP's aggregation of a sentence for a conviction eligible for FSA credit with a sentence for a conviction ineligible for such credit, rendering the aggregated sentence ineligible for FSA credit).

The Sixth Circuit has upheld BOP determinations that federal inmates are ineligible to earn FSA sentencing credits when their aggregate sentence includes a sentence for a firearm conviction under 18 U.S.C. § 924(c) that is ordered to be served consecutively with another sentence. *E.g.*, *Oiler v. LeMaster*, No. 24-5033, 2025 WL 1864875, *1 (6th Cir. Jan. 10, 2025) (affirming the district court's dismissal of a habeas petition after rejecting a federal prisoner's claim that the FSA's time-credit provision cannot be considered "administrative" due to its mandatory language). District courts within the Sixth Circuit have reached the same conclusion. *E.g.*, *Patrick v. Bolar*, No. CV 6:26-201-KKC, 2026 WL 1865073, at *1 (E.D. Ky. June 29, 2026) (ruling that the BOP properly found that prisoner's firearm conviction disqualified him from receiving FSA credits for his aggregated sentences); *Shaw v. Rardin*, No. 25-CV-10209, 2026 WL 252935, at *2 (E.D. Mich. Jan. 30, 2026) (holding that the BOP properly aggregated petitioner's consecutive sentences in determining that he was ineligible to earn FSA credits).

The same reasoning applies here. Cole's 241-month sentence consists of multiple sentences that are treated as a single, aggregate term for administrative purposes. Because the aggregate sentence includes a

conviction under 18 U.S.C. § 1791(a)(2), a disqualifying offense under 18 U.S.C. § 3632(d)(4)(D)(xxix), the BOP properly determined that Cole is ineligible to receive FSA sentencing credits.

Accordingly, Cole fails to demonstrate that the BOP erred in aggregating his consecutive sentences and determining he is ineligible for FSA sentencing credits based on his disqualifying contraband conviction. Habeas relief will be denied.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Date: September 1, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 1, 2026.

s/ **S. Osorio**
Sandra Osorio
Case Manager